■ REGAN GOLDFARB HELLER WETZLER & QUINN, Respondent, v JORDAN H. DOLGIN, Individually and as Executor of MORRIS DOLGIN, Deceased, et al., Appellants.—Judgment, Supreme Court, New York County, entered on July 30, 1975, in favor of plaintiff in this action to recover legal fees, costs and disbursements and dismissing defendants' counterclaim based upon malpractice, unanimously modified, on the law, the facts and in the interests of justice, to the extent of directing a new trial of plaintiff's claims and otherwise affirmed, with $60 costs and disbursements of this appeal to abide the event. The complaint herein contains 18 causes of action, in which plaintiff seeks to recover for services rendered to defendants in six matters on the theories of agreed value (contract), *quantum meruit* and account

stated. At the close of the trial six causes of action were abandoned by plaintiff and the remaining causes were submitted to the jury. The jury was inadequately instructed, especially on the theory of account stated, proof of which was insufficient. On this record, a verdict based on that theory could not be permitted to stand. While it appears from the record that plaintiff is entitled to recover for legal services rendered, it cannot be determined on which theory the jury based its verdict and "where a case is submitted to the jury upon two [or more] charges, one erroneous [or inadequate] and one correct, and it is not possible to tell upon which alternative of the charge the jury founded its verdict, it must be set aside [citing cases]" *(Smulczeski v City Center of Music & Drama,* 3 NY2d 498, 501). Since the verdict in this case cannot be upheld on each of the three theories urged by plaintiff, it must be set aside. We are of the opinion that the defendants' counterclaim was properly dismissed. Concur—Markewich, J. P., Kupferman, Lupiano, Birns and Capozzoli, JJ.